**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY DEAN DUDLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-204 HEA |
| | ) | |
| PRECOAT METALS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss filed by Precoat Metals ("Precoat") and AZZ Inc. ("AZZ"). (ECF No. 26). Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff Larry Dean Dudley, Jr., who is proceeding in this matter *pro* se without the assistance of counsel, opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, Defendants' Motion to Dismiss is granted.

***I. Background***

On February 23, 2026, Plaintiff filed an Amended Complaint against Precoat and AZZ using the Court's form Civil Complaint. Plaintiff alleges that on June 12, 2024, he suffered a workplace injury, a shoulder strain, while working at Precoat. He alleges that he was denied proper medical treatment and was forced to work

against light-duty restrictions. He also contends that he was forced to do electrical work while under the influence of a prescribed narcotic. Plaintiff further alleges that he was forced to "punch out" to attend medical appointments, for which he was required to pay. He also alleges that he was not given adequate training and was harassed by a co-worker due to unspecified disabilities. According to Plaintiff, he was given unsatisfactory evaluations and ultimately was fired while he was under the supervision of his physician.

Plaintiff seeks to bring claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* 18 U.S.C. § 241, Conspiracy against rights; 18 U.S.C. § 245, Federally protected activities; 18 U.S.C. § 1951, Interference with commerce by threats or violence (the "Hobbs Act"); and 18 U.S.C. § 1033, Crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce For relief, Plaintiff requests $37,000,000.00 in damages. (ECF No. 3 at 8).

Defendants responded to Plaintiff's Amended Complaint by filing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) – the motion presently at bar. In their motion, Defendants argue that Plaintiff's claims under Title VII and the ADA are barred because he failed to exhaust his administrative remedies. Defendants also argue that Plaintiff fails to state claims under Title VII and the ADA,

because his Amended Complaint is devoid of factual allegations to support his claims. Defendants further argue that Plaintiff's Title VII and ADA claims should be dismissed because the Missouri Workers' Compensation Law provides the exclusive remedy for his claims, which involve workplace injuries sustained by a worker in the course of his employment. Finally, Defendants argue that none of the four separate criminal statutes provide a private right of action and, accordingly, must be dismissed.

## ***II. Legal Standard***

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

Finally, a complaint filed by a *pro se* plaintiff should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a *pro se* plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.

1981) ("[*P*]*ro se* litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## *III. Discussion*

### A. Failure to Exhaust

Defendants move to dismiss Plaintiff's claims under the ADA and Title VII on the basis that Plaintiff failed to exhaust his administrative remedies prior to bringing suit. Timely filing a charge of discrimination with the EEOC or with a state or local agency is a precondition to suit under Title VII and the ADA. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures). The requirement is not jurisdictional, but it is a mandatory precondition that must be met before bringing suit. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 547 (2019). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted). "Exhaustion of administrative remedies entitling a claimant

to bring a cause of action ... requires a claimant to give notice of *all* claims of discrimination in the administrative complaint." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (quotation omitted and emphasis added).

Plaintiff does not allege in his Amended Complaint that he filed a charge of discrimination with either the EEOC or the Missouri Commission on Human Rights ("MCHR"), and in responding to Defendants' Motion to Dismiss, he argues that he was not required to do so. In support of his argument, Plaintiff cites to *Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019). Plaintiff has misinterpreted the holding of this case. In *Fort Bend,* the United States Supreme Court held that while the exhaustion requirement is not jurisdictional, it is still mandatory, and a plaintiff must file a charge of discrimination with the EEOC or a state or local agency before filing suit. 587 U.S. at 547. As Plaintiff failed to file a charge of discrimination, his claims under Title VII and the ADA must be dismissed for his failure to exhaust his administrative remedies.

The Court will grant Defendants' motion to dismiss as to Plaintiff's claims brought pursuant to Title VII and the ADA, and the Court need not decide whether these claims are preempted by Missouri Workers' Compensation Law.

**B. Federal Criminal Statutes**

In his Amended Complaint, Plaintiff attempts to bring claims against Defendants under the following four federal criminal statutes: 18 U.S.C. § 241,

Conspiracy against rights; 18 U.S.C. § 245, Federally protected activities; 18 U.S.C. § 1951, the Hobbs Act; and 18 U.S.C. § 1033, Crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce. In their motion, Defendants move to dismiss Plaintiff's claims brought pursuant to these criminal statutes because none of the statutes contain any express or implied private right of action that would permit Plaintiff to bring a civil lawsuit based on alleged violations. The Court agrees. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action"); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Roberson v. Pearson*, No. CIV. 12-2056 ADM/FLN, 2012 WL 4128303, at *1 (D. Minn. Aug. 27, 2012), *report and recommendation adopted,* No. CIV. 12-2056 ADM/FLN, 2012 WL 4128293 (D. Minn. Sept. 18, 2012) (recognizing that no private right of action exists under 18 U.S.C. § 245); *Guerneville Bus. Corp. v. Boasberg*, No. C-11-4913 MMC, 2012 WL 13054255, at *1 (N.D. Cal. Mar. 16, 2012) (recognizing that no private right of action exists under 18 U.S.C. § 1033). *See also Alexander v. Sandoval*, 532 U.S. 275, 286-89 (2001) ("private rights of action to enforce federal law must be created by Congress"; finding courts may not infer private right of action from federal statute

unless Congress displayed "intent to create not just a private right but also a private remedy"). Plaintiff's claims under 18 U.S.C. §§ 241, 245, 1033, and 1951 must be dismissed for failure to state claims upon which relief can be granted. As there are no remaining claims in Plaintiff's Amended Complaint, the Court will dismiss this cause of action in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Precoat Metals and Azz Inc.'s Motion to Dismiss is **GRANTED**. [ECF No. 26]

**IT IS FURTHER ORDERED** that Defendants Precoat Metals and Azz Inc.'s First Motion to Dismiss is **DENIED as moot**. [ECF No. 13]

The Court will issue a separate Order of Dismissal.

Dated this 8th day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE